NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WAYNE CHRISTIAN HAWKES,

Plaintiff-Appellant,

v.

MARTA D. VAN LOAN; UNITED
STATES OF AMERICA,

Defendants-Appellees.

No. 14-17300

D.C. No. 3:14-cv-02072-EDL

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding[**]

Submitted January 18, 2017[***]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Wayne Christian Hawkes appeals pro se from the district court's judgment

dismissing his action alleging that a fellow employee of the United States

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Department of Agriculture slandered him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1) and a denial of a challenge to certification. *McLachlan v. Bell*, 261 F.3d 908, 910 (9th Cir. 2001). We affirm.

The district court properly denied Hawkes's motion to strike the 28 U.S.C. § 2679(d) certification because Van Loan was acting within the scope of her employment at the time the alleged slander and libel claims arose. *See id*. at 912. Thus, the district court properly dismissed Hawkes's action for lack of subject matter jurisdiction. *See* 28 U.S.C. § 2680(h).

The district court did not abuse its discretion in denying Hawkes's motion for leave to file an amended complaint alleging a *Bivens* claim because the allegations in Hawkes's proposed complaint failed to state any federal claim. *See Siegert v. Gilley*, 500 U.S. 226, 234 (1991) (explaining that whenever the alleged "damage flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable in a *Bivens* action"); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (leave to amend not required "where the amended complaint would also be subject to dismissal"); *Chodos v. West. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir.

14-17300

2002) (setting forth standard of review).

Hawkes's request for judicial notice, filed on March 31, 2015, is denied.

**AFFIRMED.**